# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN TRAVIS ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1527-CDP |
| | ) | |
| DEPARTMENT OF INSURANCE, | ) | |
| FINANCIAL INSTITUTIONS AND | ) | |
| PROFESSIONAL REGISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this civil case against defendants in four counts, all of which are premised on 42 U.S.C. § 1983: (1) due process violations against defendants John Huff, Chlora Lindley-Myers, Carrie Couch, Mary Johnson, Kevin Davidson, and Jane Doe (Count I); (2) due process violations against defendant the Department of Insurance, Financial Institution, and Professional Registration ("DIFP") (Count II); (3) equal protection violations against all defendants (Count III); and (4) a claim based on theory of respondeat superior against the DIFP (Count IV). Plaintiff names the DIFP as a defendant along with the following seven individuals: John Huff, former Director of the DIFP; Chlora Lindley-Myers, current Director of the DIFP; Carrie Couch, Director of Consumer Affairs Division of the DIFP; Mary Johnson, Manager of Investigations at the DIFP; Kevin Davidson, Investigator with the DIFP; John F. Rehagen, former Director of the DIFP; and Jane Doe, Investigator with the DIFP. All defendants are being sued in their individual and official capacities.

Since 2007, plaintiff states he has been licensed as a bail bondman in Missouri through the DIFP. He managed approximately thirty bail bondsmen licensed in Missouri and Kansas, writing about $15 million in bonds per year.

In June 2016, plaintiff sent the DIFP his application for renewal of his bail bondsman license. On July 15, 2016, however, plaintiff received a call from one of his employees telling plaintiff that the employee was no longer qualified to post bonds in Missouri. Plaintiff called

several employees at the DIFP, many of whom seem confused, and plaintiff was told by defendant Johnson that plaintiff would be placed back on the qualified list to post bonds as of July 22, 2016. On July 29, 2016, however, plaintiff received a call from an unnamed sheriff's department that he was no longer allowed to post bonds.

On August 3, 2016, plaintiff received a package from the DIFP, which included a complaint filed by the investigation department with the Consumer Affairs Division, seeking to revoke plaintiff's bail bondsman license, and a final order from the DIFP revoking his license. Plaintiff called the DIFP, and defendants Johnson and Couch stated that the revocation order was final and "no due process would be given to [plaintiff] to renew or reinstate his general bail bond agent license." Defendants Johnson and Couch told plaintiff "he was no longer a bondsman and that he will never be a bondsman again."

Plaintiff, through an attorney, took the issue of his professional license revocation before the Missouri Supreme Court. The Missouri Supreme Court held a hearing on March 5, 2018, in which plaintiff states the DIFP's attorney misled the Court. Although unclear from plaintiff's complaint, it appears the Missouri Supreme Court ruled against plaintiff and entered judgment on June 12, 2018 in favor of the DIFP. Plaintiff states that during the hearing, "the Supreme Court did not reach the plaintiff's constitutional issues and no § 1983 issues were raised to it."

For relief, plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and injunctive relief in the form of reinstatement of his bail bondsman license.

## Discussion

A plaintiff is entitled to due process only when a protected property interest is at stake. The Eighth Circuit has recognized that such an entitlement may exist where a state has established a licensing system for regulation of professionals. *See Kloch v. Kohl*, 545 F.3d 603,

607 (8th Cir. 2008) (citing *Marler v. Mo. State Bd. of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996)). Under these circumstances, a license may not be revoked without affording the accused procedural due process. *Id.*; *see also Holt Bonding Co., Inc. v. Nichols*, 988 F. Supp. 1232 (W.D. Ark. 1997) (finding sheriff liable under § 1983 for effectively suspending bail bondsman's license without a hearing when he would no longer accept bonds from that bondsman).

Plaintiff's complaint alleges his bail bondsman license was revoked by the DIFP without any notice or opportunity to be heard. Plaintiff contends he has a protected property interest in his bail bondsman license, and that the revocation of this license constitutes a deprivation of his property interest without notice and a hearing. Liberally construed, on initial review under 28 U.S.C. § 1915(e)(2), the Court finds plaintiff has stated plausible § 1983 due process claims against the DIFP and the individual defendants in their individual capacities.

Individual members of a state department may be sued in their official capacities for prospective injunctive relief. *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995) ("suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law.") Because plaintiff's complaint seeks reinstatement of his bail bondsman license, or prospective injunctive relief, the Court will allow plaintiff's claims to proceed with respect to the state officials in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint. The Court notes for the Clerk that plaintiff provided service information for the individual defendants on page eighteen of his complaint.

Dated this 18th day of October, 2018.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE