## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

| | | |
|---|---|---|
| BRYAN TRAVIS ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1527-CDP |
| | ) | |
| DEPARTMENT OF INSURANCE, | ) | |
| FINANCIAL INSTITUTIONS, | ) | |
| AND PROFESSIONAL | ) | |
| REGISTRATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ANSWER</u>

COME NOW Defendants by and through their attorney, the Attorney General of the State of Missouri, and state as follows:

Defendant denies each and every allegation in Plaintiff's Complaint, unless expressly admitted, and then only to the extent of the referenced response.  Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in the Complaint as a whole.  Defendant also specifically denies any pseudo-allegations contained in headings, prayers for relief, or unnumbered paragraphs.

1. The allegations of Paragraph 1 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required

Defendants deny.

2. The allegations of Paragraph 2 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

3. Admit.

4. Defendants deny that a substantial part of the events or omissions could have occurred in Jefferson County insofar as Plaintiff's allegations necessarily relate to administrative decisions that occurred in Jefferson City, Cole County, Missouri; therefore, Defendants assert that venue is more appropriate in the United States District Court for the Western District of Missouri.

5. Defendants deny that a substantial part of the events or omissions could have occurred in Jefferson County insofar as Plaintiff's allegations necessarily relate to administrative decisions that occurred in Jefferson City, Cole County, Missouri; therefore, Defendants assert that divisional venue is more appropriate in the Central Division of the United States District Court for the Western District of Missouri.

6. Defendants deny.  Answering further Defendants state, Plaintiff was first licenses as a Bail Bond Agent in 2009, not 2007 as alleged.

7. Defendants admit that John Huff was the Director of the Department of Insurance, Financial Institutions, and Professional Registration, and

that Huff was the signatory to the "Final Order" in question. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that Chlora Lindley-Myers is the Director of the Department of Insurance, Financial Institutions, and Professional Registration. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that Carrie Couch is the Director of the Consumer Affairs Division of the Department of Insurance, Financial Institutions, and Professional Registration. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that Mary Johnson is the Chief of Investigations with the Department of Insurance, Financial Institutions, and Professional Registration. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that Kevin Davidson is a Special Investigator with the Department of Insurance, Financial Institutions, and Professional Registration. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants admit that John F. Rehagen was the Acting Director of the Department of Insurance, Financial Institutions, and Professional Registration. Defendants deny the remaining allegations in

Paragraph 12.

13. Defendants lack information or knowledge sufficient to form a belief as to the existence or behaviors of parties unknown to Plaintiff; therefore, Defendants deny.

14. Defendants deny.  Answering further Defendants state that Plaintiff was first licensed as a Bail Bond Agent on October 2, 2009, and later as a General Bail Bond Agent on August 8, 2012.

15. Defendants admit that Plaintiff operated as a bail bond agent within Missouri the licensure for which eventually lapsed.  Defendants lack information or knowledge sufficient to form a belief as to the remainder of Plaintiff's allegations; therefore, Defendants deny.

16. Defendants admit that Plaintiff operated as a General Bail Bond Agent.  Defendants lack information or knowledge sufficient to form a belief as to the remainder of Plaintiff's allegations; therefore, Defendants deny.

17. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

18. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

19. Admit.

20. Defendants deny.  Answering further, Defendants state that Plaintiff's

renewal application is signed and dated July 7, 2016.

21. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

22. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

23. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

24. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

25. Defendants lack information or knowledge sufficient to form a belief as to the existence or behaviors of parties unknown to Plaintiff; therefore, Defendants deny.

26. Defendants admit that Mary Johnson spoke with Plaintiff; Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit that Mary Johnson spoke with Plaintiff; Defendants deny the remaining allegations in Paragraph 27.

28. Defendants admit that on July 22, 2016 Plaintiff was on the qualified bail bond list for the State of Missouri; Defendants deny the remaining allegations in Paragraph 28.

29. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

30. Defendants lack information or knowledge sufficient to form a belief as to the existence or behaviors of parties unknown to Plaintiff; therefore, Defendants deny.

31. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

32. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's allegations; therefore, Defendants deny.

33. Deny.

34. Deny.

35. Deny.

36. Defendants admit that Plaintiff's case was eventually heard by the Missouri Supreme Court; however, the allegation misrepresents the procedural history of the underlying lawsuit.

37. Defendants deny that Cheryl Nield was misleading or made any misrepresentation to any court.  Answering further, Defendants state that argument in the underlying case occurred in the Missouri Supreme Court on February 6, 2018.  Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny that Cheryl Nield was misleading or made any misrepresentation to any court.  Answering further, Defendants state that argument in the underlying case occurred in the Missouri

Supreme Court on February 6, 2018.  Defendants deny the remaining allegations in Paragraph 38.

39. Defendants admit that Plaintiff's state lawsuit contained no §1983 claims.  Answering further, Defendants state that argument in the underlying case occurred in Missouri Supreme Court on February 6, 2018.  Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny that Plaintiff's license was revoked.  Defendants lack information or knowledge sufficient to form a belief as to the remainder of Plaintiff's allegations; therefore, Defendants deny.

41. Deny as to all of Paragraph 41 including subparts (a) through (e).

42. Deny as to all of Paragraph 42 including subpart (a).

43. Admit.

## COUNT I

44. Defendants incorporate all of their answers to Paragraphs 1 through 43 as if set forth herein.

45. Deny.

## COUNT II

46. Defendants incorporate all of their answers to Paragraphs 1 through 45 as if set forth herein.

47. The allegations of Paragraph 47 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required

Defendants deny.

48. The allegations of Paragraph 48 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

49. The allegations of Paragraph 49 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

50. The allegations of Paragraph 50 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

51. Deny.

## COUNT III

52. Defendants incorporate all of their answers to Paragraphs 1 through 51 as if set forth herein.

53. The allegations of Paragraph 53 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

54. The allegations of Paragraph 54 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

55. Defendants deny.  Answering further, Defendants state that neither

Plaintiff's service copy, nor the filing in PACER contains any attachment as referenced in Paragraph 55.

56. Defendants deny.  Answering further, Defendants state that neither Plaintiff's service copy, nor the filing in PACER contains any attachment as referenced in Paragraph 56.

57. Defendants lack information or knowledge sufficient to form a belief as to the remainder of Plaintiff's allegations; therefore, Defendants deny. Answering further, Defendants state that neither Plaintiff's service copy, nor the filing in PACER contains any attachment as referenced in Paragraph 57.

58. The allegations of Paragraph 58 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

## COUNT IV

59. Defendants incorporate all of their answers to Paragraphs 1 through 58 as if set forth herein.

60. The allegations of Paragraph 60 constitute a legal conclusion and, as such, require no answer; however, to the extent an answer is required Defendants deny.

## AFFIRMATIVE AND OTHER DEFENSES

## Sovereign Immunity as to Defendant Department of Insurance,

**Financial Institutions, and Professional Registration ("DIFP")**

61. Defendant DIFP is a public entity and entitled to sovereign immunity. *Cain v. Missouri Highways and Transp. Com'n*, 239 S.W.3d 590 (Mo. banc 2007).

62. In enacting 42 U.S.C. §1983, Congress did not abrogate Missouri's Eleventh Amendment Immunity. *Williams v. State of Mo.*, 973 F.2d 599, 599 (8th Cir. 1992).

63. As an entity of the State of Missouri, DIFP is likewise entitled to the same measure of immunity from suit that the state itself would have.

64. Neither the State of Missouri nor its agency, DIFP, consented to being sued in Federal Court.

65. Because DIFP did not consent to suit and, as an agency of the State of Missouri, is entitled to immunity, the Court should dismiss Defendant DIFP.

**Sovereign Immunity as to Defendants in Their Official Capacity**

66. Plaintiff seeks, *inter alia*, "compensatory and punitive damages against all Defendants." *Complaint*, Prayer for Relief, ¶D.

67. The Eleventh Amendment bars a Plaintiff from collecting monetary damages from individual state officers acting in their official capacity. *Treleven v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).

68. Because the Eleventh Amendment prohibits Plaintiff from collecting

monetary damages from the Defendants in their official capacities, the Court should dismiss any claims for monetary relief against Defendants in their official capacities.

## Qualified Immunity

69. Defendants are all, or were at the time of the actions alleged, government employees performing discretionary functions.

70. Such government officials are entitled to immunity while performing their duties as long as their actions did not violate a clearly established right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982).

71. In order to sustain a due process claim and overcome qualified immunity, a plaintiff has to show that the government actor's actions interfered with his constitutionally protected liberty or property interest, and that the government actors reasonably should have known their actions violated his rights. *Austell v. Sprenger*, 690 F.3d 929, 934 (8th Cir. 2012).

72. The Missouri Supreme Court already addressed this with this Plaintiff and found, "Robison failed to demonstrate a clearly established right[.]" *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 473 (Mo. banc 2018).

73. Because Defendants did not violate any clearly established right in discharging their duties, they are entitled to qualified immunity and

the court should dismiss.

## Failure to State a Claim - Collateral Estoppel

74. Collateral Estoppel is a form of preclusion contemplated as a part of
the defense outlined in F.R.C.P. 12 (b) (6) denominated failure to state
a claim. *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018).

75. Collateral Estoppel must be apparent on the face of the complaint
including public records embraced by the complaint. *A.H. ex rel.
Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016).

76. There are four elements of collateral estoppel in Missouri:

   a. The issue previously decided must be the same as the issue in the
   present suit;

   b. The prior adjudication must conclude with a judgment on the
   merits;

   c. The party against whom the defense is asserted must be a party
   to the prior adjudication; and,

   d. The party against whom the defense is asserted must have had a
   full and fair opportunity to litigate the issue in the prior suit.
   *Swapshire v. Baer*, 865 F.2d 948, 950–51 (8th Cir. 1989).

77. 28 U.S.C. §1738 grants state court proceedings full faith in Federal
Court. *Id.* at 950.

78. A judicially affirmed administrative decision is entitled to preclusive

effect under 28 U.S.C. §1738.  *Id.*

79. Plaintiff brought an action in state court, 16AC-CC00342, seeking review of the Defendant Huff's actions as relates to this case regarding the denial of Plaintiff's application and complaining that it constituted a violation of his Fifth and Fourteenth Amendment rights.  A copy of the petition is attached as Exhibit 1.

80. The court issued a Preliminary Order in Mandamus, whereupon Defendant Huff moved to dismiss.

81. Upon briefings and a hearing on the matter the court quashed the preliminary writ and denied the petition.  A copy of the judgment is included as Exhibit 2.

82. Plaintiff thereafter appealed the matter to the Missouri Court of Appeals and Defendant Department of Insurance, Financial Institutions, and Professional Registration substituted Defendant Lindley-Myers.

83. Upon briefings and oral argument, the Missouri Court of Appeals determined, *inter alia*, that Plaintiff did not have an unequivocal right to renewal of his license based upon the existence of outstanding forfeitures or judgments thereon.  A copy of the opinion of the court is included as Exhibit 3.

84. Following the appellate court ruling, Plaintiff sought transfer to the

Missouri Supreme Court, which granted the same.

85. After briefing on the matter and oral argument, the Missouri Supreme Court agreed that Plaintiff did not have a right to the renewal of his license. *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468 (Mo. banc 2018). A copy of the court's opinion is included as Exhibit 4.

86. The judicial review of the administrative decision found no defect with any of the Defendants' actions and found that Plaintiff had no right to approval of his application. Because the state court case dealt with the same issues as the matter currently before the bar, the Court should dismiss.

### Jury Trial Demand

87. Defendant demands a trial by jury on all issues triable by a jury.


WHEREFORE, for the reasons stated herein above, Defendant requests that this Court enter judgment in his favor, award him his costs and expenses, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

Scott Snipkie, Missouri Bar No. 65195
Assistant Attorney General
PO Box 899
Jefferson City, MO 65102
(573) 751-9199 (phone)
(573) 751-5660 (fax)
scott.snipkie@ago.mo.gov
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018 the foregoing was filed with the Clerk of Court's ECF system and that the below were served with a copy via United States Mail, postage prepaid:

Bryan Travis Robison
2443 Waterfront Dr.
Imperial, MO 63052

*Plaintiff Pro Se*

Assistant Attorney General

16AC-CC00342

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. | ) | |
| **BRYAN TRAVIS ROBISON,** | ) | |
| Relator, | ) | |
| vs. | ) | Case No. |
| | ) | |
| **JOHN HUFF, Director** | ) | |
| **Department of Insurance, Financial** | ) | |
| **Institutions & Professional Registration,** | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION IN MANDAMUS

Relator Bryan Travis Robison, for his petition in mandamus, states:

A.  The Parties

1.  Relator is a natural person, a resident and citizen of the state of Missouri.

2.  Relator has been licensed by Respondent in various capacities in the bail bond industry since 2007.

3.  Respondent John Huff is the Director of the Missouri Department of Insurance, Financial Institutions & Professional Registration, and is sued in in his official capacity.

4.  Respondent, in his capacity as the Director of the Missouri Department of Insurance, Financial Institutions & Professional Registration, is responsible for the licensing and regulation of the practice of bail bondsmen pursuant to §§ 374.695 to 374.789 RSMo., the "Professional Bail Bondsman and Surety Recovery Agent Licensure Act."

B.  Jurisdiction

5.  The circuit courts of this state have original jurisdiction over all cases and matters. Mo. Const. Art V § 14(a).  Such courts may issue and determine original remedial writs.  Id.

C.  Venue

EXHIBIT
1

6.  As Respondent's official office is at the seat of government, venue is proper in the Circuit Court of Cole County.

D.  Statement of Facts

7.  Relator was licensed by the Department as a General Bail Bond Agent.  The license expired on August 8, 2016.

8.  On July 14, 2016, Relator filed an application for renewal of his license that was complete and proper in all respects.

9.  On July 29, 2016, Respondent issued, without prior notice to Relator and without granting Relator any opportunity to be heard, his, "Order Refusing to Renew General Bail Bond Agent License."

10.  Relator received a copy of this, "Order Refusing to Renew General Bail Bond Agent License," on August 4, 2016.

11.  A copy of the, "Order Refusing to Renew General Bail Bond Agent License," is attached hereto as Exhibit 1 and incorporated herein by reference.

12.  The, "Order Refusing to Renew General Bail Bond Agent License," purports to have been issued after, "the Consumer Affairs Division ("Division") submitted a Petition to the Director alleging cause for refusing to renew Bryan Travis Robison's general bail bond agent license."  The order then states that it was made, "After reviewing the Petition, the Investigative Report, and the entirety of the file[.]"

13.  The process described in ¶ 12 was done entirely ex parte, affording petitioner neither notice nor an opportunity to be heard.   Particularly, Relator has never seen the referenced, "Petition."

- 2 -

14.  To the extent that Respondent relies on § 374.750 RSMo. as authority to deny renewal of Relator's license, said section violates the provisions of the 5th and 14th Amendments to the United States Constitution  and Article I, § 10 of the Missouri Constitution

15.  Respondent's refusal to renew Relator's license has made the practice of his profession illegal after August 8, 2016, denying him the ability to earn an income and support himself and his family.

16.  Relator has published the "Order Refusing to Renew General Bail Bond Agent License," on the internet at:

 http://insurance.mo.gov/CompanyAgentSearch/search/searchResults2.php?ID=3105.

17.  The "Order Refusing to Renew General Bail Bond Agent License," states that Relator may request a hearing by filing a complaint with the Administrative Hearing Commission of Missouri, P.O. Box 1557, Jefferson City, Missouri, within 30 days after the mailing of the Order.

18.  The remedy referenced in ¶16 is wholly insufficient as:

a.  There is no provision for a pre-deprivation hearing in this matter;

b.  There is no provision under the laws governing the Administrative Hearing Commission for issuance of a license pending a decision on the merits of the complaint; c.  Notwithstanding the right to a hearing before the Administrative Hearing Commission, the Director retains plenipotentiary power to refuse to issue a license in this case; and

d.  All of the violations alleged in the "Order Refusing to Renew General Bail Bond Agent License," substantially predate the application for renewal in this

- 3 -

cause, and discipline could have been sought in accordance with law by

Respondent filing a disciplinary complaint with the Administrative Hearing

Commission.

E.  Relief Sought

    19.  Relator seeks relief from this Court in the form of a Writ of Mandamus

commanding that the Respondent renew Relator's General Bail Bond Agent License.

F.  Why the Writ Should Issue

    20.  The 5th and 14th Amendments to the United States Constitution prohibit the taking of

property without due process.

    21.  Article I, § 10 of the Missouri Constitution provides, "That no person shall be

deprived of life, liberty or property without due process of law."

    22.  In *Gurley v. Missouri Bd. of Private Investigator Examiners*, 361 S.W.3d 406 (Mo.

banc 2012), the supreme court held, "Because professional licenses are considered to be

'property' for the purposes of the Fourteenth Amendment, procedural due process is required

before the government may deprive anyone of his or her professional license." *Stone v.*

*Missouri Dept. of Health and Senior Serv.,* 350 S.W.3d 14, 27 (Mo. banc 2011).

    23.  The *Stone* court cited the following authority for the proposition:

> The Missouri and United States constitutions both prohibit states from depriving a
> person of a property interest without due process of law. U.S. Const. Amend. 14; Mo.
> Const. art. I, sec. 10. A person has a property right in a license that requires sufficient
> procedural due process before the license can be "impaired, suspended, or revoked."
> Mo. Real Estate Comm'n v. Rayford, 307 S.W.3d 686, 692 (Mo.App.2010). Moreover,
> "[t]he right to hold specific private employment and to follow a chosen profession free
> from unreasonable governmental interference, implicates constitutionally protected
> liberty interests." See Jamison v. Dep't of Soc. Serv., 218 S.W.3d 399, 407 (Mo. banc
> 2007) (internal citations omitted). If the government wishes to deprive a person of a
> liberty or property interest, due process requires the government to provide notice and

the opportunity for a meaningful hearing appropriate to the nature of the case. Strup v. Dir. of Revenue, 311 S.W.3d 793, 796 (Mo. banc 2010). "Due process [requires] notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." State v. Elliott, 225 S.W.3d 423, 424 (Mo. banc 2007).

24.  A writ of mandamus is an appropriate remedy to vindicate the violation of Relator's due process right to renewal of his professional license.

25.  Further, a writ of mandamus should issue for the reasons set forth in the concurrently filed suggestions in support of this petition, incorporated herein by reference.

WHEREFORE, Relator Bryan Travis Robison prays that this Court issue its preliminary order in mandamus commanding the respondent file an answer directed to this petition, thereafter grant an order in mandamus compelling renewal of Relator's professional license, and grant such other and further relief as is just and necessary in the premises.

Respectfully submitted,

/s/ David F. Barrett
David F. Barrett
Attorney at Law
Missouri Bar No. 43781
P.O. Box 104151
Jefferson City, MO 65110
(573)340-9119
Fax: (573) 636-1003
dfbarrett@outlook.com

**ATTORNEY FOR RELATOR**

IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
DIVISION IV

STATE OF MISSOURI EX REL.          )
BRYAN TRAVIS ROBISON,              )
                                   )
            Relator,               )
vs.                                )
                                   )          Case No. 16AC-CC00342
JOHN M. HUFF, DIRECTOR,            )
DEPARTMENT OF INSURANCE,           )
FINANCIAL INSTITUTIONS AND         )
PROFESSIONAL REGISTRATION,         )
                                   )
            Respondent.            )

## JUDGMENT AND ORDER

This Court quashes the Preliminary Order in Mandamus issued on August 25, 2016.

Relator's Petition in Mandamus is denied.

**SO ORDERED** this _28_ day of October, 2016.

_____
Patricia S. Joyce, Judge


EXHIBIT
2



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI ex rel. BRYAN )
TRAVIS ROBISON, )
                            )
            Appellant, )
                            )
v.                           )      WD80793
                            )
CHLORA LINDLEY-MYERS, )      OPINION FILED:
DIRECTOR, DEPARTMENT OF )      August 29, 2017
INSURANCE, FINANCIAL )
INSTITUTIONS AND PROFESSIONAL )
REGISTRATION, )
                            )
           Respondent. )

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Patricia S. Joyce, Judge

**Before Division Two:** Edward R. Ardini, Jr., Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

Bryan Travis Robison appeals the circuit court's judgment quashing its preliminary writ in mandamus and denying Robison's request for a permanent writ. Robison sought a writ of mandamus against the director of the Department of Insurance, Financial Institutions, and Professional Registration to compel Director to approve his application for renewal of his license



EXHIBIT
3

as a General Bail Bond Agent.   But because Robison failed to demonstrate he was entitled to

mandamus relief, we affirm the judgment below.

**Background**[1]

Robison held a license as a General Bail Bond Agent that was set to expire on August 8,

2016.   On July 14, 2016, Robison filed an application for renewal of his license with Director.

On July 28, 2016, the Consumer Affairs Division of the Department filed a "Petition For Order

Refusing To Renew General Bail Bond Agent License," asking Director to refuse Robison's

requested renewal on the grounds that "Robison [wa]s disqualified for licensure as a general bail

bond agent."   Specifically, the petition alleged that Robison

> fail[ed] to meet the qualifications as a surety as set forth in Missouri Supreme
> Court Rule 33.17(f).   Robison has $16,000.00 of unsatisfied judgments for four
> (4) bail bonds in two (2) separate circuit courts in Missouri.   By his own
> admission in his April, May, June, and July General Bail Bond Affidavits, signed
> under oath and before notaries public, he has outstanding judgments in Case No.
> 11VE-CR00290-01 in Vernon County in the amount of $10,000.00 and Case Nos.
> 140006078, 140006079, and 140006080 in Jackson County in the total amount of
> $6,000.00.

The petition concluded, "Because Robison fails to meet the qualifications as a surety as set forth

in Missouri Supreme Court Rule 33.17(f),[2] as required by § 374.715.1 RSMo,[3] the Director

has no discretion and therefore must refuse to renew Robison's general bail bond agent license."

On July 29, 2016, Director summarily refused Robison's application for renewal.   Attached to

the refusal order were various findings of fact and conclusions of law outlining Director's

rationale.   Also attached was a notice to Robison that stated:

> You may request a hearing in this matter.   You may do so by filing a complaint
> with the Administrative Hearing Commission [AHC] of Missouri, P.O. Box 1557,

---

[1] Here, the court made no factual determinations in its judgment.   Thus, we view all facts "as having been
found in accordance with the result reached."   Rule 73.01(c).

[2] All rule references are to the Missouri Supreme Court Rules (2016), unless otherwise noted.

[3] All statutory citations are to the Revised Statutes of Missouri, 2000, as updated through the 2015
Non-Cumulative Supplement.

Jefferson City, Missouri, within 30 days after the mailing of this notice pursuant to Section 621.120, RSMo.  Pursuant to 1 CSR 15-3.290, unless you send your complaint by registered or certified mail, it will not be considered filed until the Administrative Hearing Commission receives it.

Instead of requesting a hearing before the AHC, Robison filed a petition for a writ of mandamus with the circuit court, arguing that § 374.750 unconstitutionally denied him due process by allowing Director to summarily refuse to renew Robison's license without first giving him notice and an opportunity for a hearing.  The circuit court issued a preliminary writ, ordering Director to respond to Robison's petition.  Director responded, arguing that Robison was not entitled to a writ for the following reasons:  (1) there is no clear entitlement to a renewed license; (2) the decision regarding unsatisfied bond forfeiture judgments is discretionary, involving application of facts to law; and (3) the decision regarding license renewal based on unsatisfied bond forfeiture judgments is mandatory.  Director further argued that Robison "chose not to exercise his right to and failed to exhaust administrative remedies available to him in the AHC," and that Robison "present[ed] nothing showing that he has a protected property interest in the renewal of his license, or that the post-deprivation hearing procedures provided pursuant to § 621.120 RSMo (2000) violate due process in any way."

The circuit court held a hearing, wherein it received arguments from counsel.  After the hearing, the court issued a judgment and order, quashing the preliminary writ and denying Robison's petition for a writ of mandamus.  Robison appeals.

### Jurisdiction

"The general rule is that no appeal lies from the dismissal or the denial of a petition for writ of mandamus."  *State ex rel. Am. Eagle Waste Indus. v. St. Louis Cty.*, 272 S.W.3d 336, 339 (Mo. App. E.D. 2008).  "The remedy in such a case is a direct petition for writ of mandamus in a higher court."  *Id.*  But "[a]n appeal will lie from the denial of a writ petition when a lower court

has issued a preliminary order in mandamus but then denies a permanent writ" on the merits. *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 358 (Mo. banc 2013); *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 477 S.W.3d 185, 189 (Mo. App. W.D. 2015).[4]

### Analysis

Robison brings a single point on appeal; he argues that the circuit court erred in quashing its preliminary writ and denying his request for a permanent writ in mandamus because, as a general bail bond agent, Robison had a right to renew his license notwithstanding the provisions of § 374.750 insofar as professional licenses are property for constitutional purposes and, thus, the State must afford pre-deprivation notice and a hearing in order to comport with the requirements of due process.

### A.  Standard of Review

"An appellate court reviews the denial of a petition for a writ of mandamus for an abuse of discretion." *Boresi*, 396 S.W.3d at 359.   "An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes." *Id.*

### B.  Robison forfeited his right to seek mandamus by not seeking administrative review.

"The Missouri Administrative Procedure Act provides for two types of cases:  contested cases and non-contested cases." *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006).   "The distinction between these two types of cases is an often-litigated issue." *Id.*   "A 'contested case' is defined in the MAPA as 'a proceeding before an agency in which

---

[4] "Following *Boresi*, there remains an open question about whether an appeal is available where a petition in mandamus is denied after the grant of a preliminary order in mandamus but on . . . grounds [other] than the merits of the petition." *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 477 S.W.3d 185, 189 n.7 (Mo. App. W.D. 2015). "Although our research has not uncovered any Missouri Supreme Court cases addressing the issue, both this Court and the Eastern District have concluded that even when a preliminary order has issued, the final decision is still not reviewable by appeal if it does not reach the merits of the relator's petition." *Id.* (quoting *Powell v. Dep't of Corr.*, 463 S.W.3d 838, 841 n.3 (Mo. App. W.D. 2015)). Here, the court denied Robison's petition without any findings of fact or conclusions of law; thus, it is unclear whether the denial was on the merits or otherwise. Out of an abundance of caution and in the absence of further guidance from our Supreme Court, we will review Robison's claim on appeal.

legal rights, duties or privileges of specific parties are required by law to be determined after hearing.'" *Id.* (quoting § 536.010(4)). "The MAPA does not explicitly define a 'non-contested case,' but it has been defined by th[e Missouri Supreme] Court as a decision that is not required by law to be determined after a hearing." *Id.*

"In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision." *Id.* "The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." *Id.* But in either kind of case, before a litigant may seek relief in the circuit court either by way of judicial review in a contested case or by way of instituting a suit for mandamus or other appropriate action in a non-contested case, the litigant must demonstrate either that he has exhausted his administrative remedies or that the decision he challenges is not subject to administrative review. §§ 536.100 (providing a right of judicial review in a contested case to "[a]ny person who has exhausted all administrative remedies provided by law"), 536.150.1 (providing a right to a judicial action in a non-contested case where the decision challenged "is not subject to administrative review").

Section 374.750 provides: "The department may refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 for any one or any combination of causes stated in section 374.755." It further indicates that "[t]he department shall notify the applicant in writing of the reasons for the refusal and shall advise the applicant of his right to file a complaint with the administrative hearing commission as provided by chapter 621." *Id.*

5

Section 621.120 provides that, "[u]pon refusal by any agency listed in section 621.045[5] to . . . renew a license of an applicant . . . who possesses the qualifications for licensure without examination, such applicant may file . . . a complaint with the administrative hearing commission."   The section allows for the applicant to obtain a hearing before the AHC and directs that the complaint "shall set forth that the applicant . . . is qualified . . . for . . . renewal without examination under the laws and administrative regulations relating to his profession and shall set out with particularity the qualifications of such applicant for same." *Id.*  Then, "[i]f at the hearing the applicant shall show that under the law he is entitled to . . . renewal, the administrative hearing commission shall issue an appropriate order to accomplish such . . . renewal." *Id.*

But here, rather than seek the hearing before the AHC provided by § 621.120, Robison sought a writ of mandamus from the circuit court.  We need not determine whether Director's refusal order of Robison's license renewal constitutes a contested or non-contested case, because in either circumstance, Robison improperly bypassed administrative review.  Because § 374.750 provides administrative review, Robison was precluded by § 536.150.1 from seeking mandamus. He was also precluded from seeking mandamus by § 536.100 because he failed to exhaust all administrative remedies available under § 621.120.

"The purpose of exhaustion is to prevent premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review."  *St. Louis Metro. Towing v. Dir. of Revenue*, 450 S.W.3d 303, 307 (Mo. App. W.D. 2014) (quoting *Parker v. City of Saint Joseph*,

---

[5] Section 621.045 lists the Department of Insurance, Financial Institutions and Professional Registration among the entities covered.

6

167 S.W.3d 219, 221 (Mo. App. W.D. 2005)).  "Exhaustion occurs when every step of the administrative procedure has been completed and the agency renders a final decision."  *Id*. (quoting *Parker*, 167 S.W.3d at 221).  "If the subject of [an] agency's actions . . . does not apply for review with the AHC, he forfeits the right to challenge the agency's initial decision in any manner, including through judicial review."  *Impey v. Mo. Ethics Comm'n*, 442 S.W.3d 42, 48 (Mo. banc 2014).

By failing to avail himself of the opportunity for administrative review provided by §§ 374.750 and 621.120, Robison forfeited any right he had to seek mandamus in the circuit court.  Accordingly, the circuit court's judgment quashing the preliminary writ and denying the permanent writ did not constitute an abuse of discretion.

Robison argues that, because he has raised a constitutional challenge to § 374.750, and "the [AHC] is not empowered to determine the constitutionality of statutes[,] . . . a party is not required to raise those issues at that level."  In making this argument, he relies on *Duncan v. Missouri Board of Architects, Professional Engineers & Land Surveyors*, 744 S.W.2d 524, 531 (Mo. App. E.D. 1988).

In *Duncan*, the Court addressed the issue of whether the appellant's constitutional challenge to a licensing statute had been properly preserved for review.  *Id*.  After noting the preservation requirement that a constitutional issue must be raised at the earliest opportunity, the Court noted that "[t]he reason for the rule . . . is to permit a ruling on the constitutional issue by the body before whom the matter is pending."  *Id*.  The Court noted that, because "[a]dministrative agencies lack the jurisdiction to determine the constitutionality of statutory enactments[,] . . . [r]aising the constitutionality of a statute before such a body is to present to it an issue it has no authority to decide."  *Id*.  And because "[t]he law does not require the doing of

a useless and futile act," the Court saw "no logical reason to require that a constitutional challenge to the validity of a statute be raised before an administrative body in order to preserve the issue for appellate review." *Id*.

But nothing in *Duncan* suggests that a party may seek an end-run around statutorily provided means of administrative review in order to pursue a constitutional challenge directly in the circuit court. Rather, it merely holds that the failure to raise the constitutional challenge before the administrative body *during the administrative review* does not affect preservation of that issue for appellate review. Contrary to Robison's argument, it does not mean that a party may simply bypass administrative review altogether.

Sections 374.750, 621.120, 536.100, and 536.150.1 all require that a person wishing to challenge the refusal of a requested license renewal must do so before the AHC before he accrues any right to seek relief in the circuit court. As noted in *St. Louis Metropolitan Towing*, 450 S.W.3d at 305 n.3, regardless of arguments to the contrary, "[w]e are not . . . permitted to ignore the law." "[W]here [a] statute provides a remedy and a procedure to be followed it must be complied with." *Springfield Park C. Hosp. v. Dir. of Revenue*, 643 S.W.2d 599, 600-01 (Mo. 1983). And "[w]hen a statute provides a special type of review[,] it is exclusive so as to preclude the use of any other or nonstatutory method." *Gothard v. Spradling*, 586 S.W.2d 443, 445 (Mo. App. S.D. 1979).

Because §§ 374.750 and 621.120 provide for a special type of review of Director's refusal to renew a general bail bond agent license, that is the procedure that must be followed. Robison is not permitted to bypass that procedure in favor of directly seeking a writ of mandamus.

A similar argument was raised and rejected in *Shelton v. Farr*, 996 S.W.2d 541 (Mo. App. W.D. 1999).  In *Shelton*, a fireworks wholesaler sought a declaratory judgment and writ of mandamus against the state fire marshal, asking the circuit court to declare that the refusal to grant a new fireworks permit was unlawful and to require the fire marshal to issue a fireworks permit.  *Id.* at 542.  The application had been denied because the wholesaler's permit had previously been suspended on the ground that he possessed illegal fireworks.  *Id.*  According to 11 C.S.R. § 40-3.010(2)(A), any person "engaged in the manufacture, transportation, wholesale or retail sales of consumer fireworks . . . shall have an applicable license or permit issued by the state fire marshal."  The same regulation, in subsection (2)(K), provided:  "The state fire marshal may refuse to issue a license or permit to any applicant when the permit or license of the individual, corporation or partner is under suspension or revocation."   On appeal from the dismissal of the wholesaler's petition for declaratory judgment and writ of mandamus, this court determined that the wholesaler failed to exhaust his administrative remedies by proceeding directly to the circuit court, rather than seeking review with the AHC.  *Shelton*, 996 S.W.2d at 542-43.

Like Robison, the wholesaler argued that, "because the issues presented by his petition [we]re solely questions of law and because no adequate remedy exist[ed] through the administrative process, he [wa]s not required to exhaust his administrative remedies."  *Id.* at 543. We disagreed.  *Id.*  We noted that "the AHC has 'full authority to reach a decision on the law as it finds it, subject, of course, to judicial review.'"  *Id.* (quoting *Bridge Data Co. v. Dir. of Revenue*, 794 S.W.2d 204, 207 (Mo. banc 1990), *abrogated on other grounds*, *Int'l Bus. Machs. Corp. v. Dir. of Revenue*, 958 S.W.2d 554 (Mo. banc 1997)).  "Thus, even in matters of interpretations of questions of law, the AHC should be given the first opportunity to make such

interpretations before subjecting those interpretations to judicial review." *Id*. Finding that the wholesaler "had an adequate remedy at law," this court held that "the circuit court did not err in dismissing [his] petition." *Id*.

Here, because Robison failed to pursue the statutorily provided administrative review of Director's refusal order, he was not permitted to seek mandamus in the circuit court. Therefore, the circuit court did not abuse its discretion in quashing the preliminary writ and denying a permanent one.

## C. Robison failed to demonstrate a clearly established right compelling mandamus.

Even if *Duncan* could be read as Robison suggests, the circuit court did not abuse its discretion because Robison failed to demonstrate a clearly established right compelling mandamus.

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Cos.*, 189 S.W.3d at 165. "The writ can only be issued to compel a party to act when it was his duty to act without it." *Id*. at 166. "It confers upon the party against whom it may be issued no new authority, and from its very nature can confer none." *Id*. "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *Id*. "He must show himself possessed of a clear and legal right to the remedy." *Id*. "Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." *Id*.

"Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute or ordinance under which petitioner claims the right." *Manz v. Prairie Twp. Fire Prot. Bd.*, 463 S.W.3d 831, 835 (Mo. App. W.D. 2015) (quoting *State*

*ex rel. Lee v. City of Grain Valley,* 293 S.W.3d 104, 107 (Mo. App. W.D. 2009)).  "Mandamus may . . . be used [only] where the ministerial duty sought to be performed is definite and arises under conditions imposed by law."  *Id.*

Robison argues that he had a right to license renewal, citing §§ 374.730 and 374.750. Section 374.730 provides that "[a]ll licenses issued to . . . general bail bond agents under the provisions of sections 374.700 to 374.775 *shall* be renewed biennially, which renewal shall be in the form and manner prescribed by the department and shall be accompanied by the renewal fee set by the department."  (Emphasis added.)  As noted above, § 374.750 provides that "[t]he department *may* refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 for any one or any combination of causes stated in section 374.755."  (Emphasis added.)

Robison argues that, despite the permissive term "may" in § 374.750 regarding refusal, § 374.730 uses the mandatory term "shall" regarding renewal.  Thus, he claims that he has a clear and unequivocal right to renewal.  We disagree.

"To determine the meaning of the statute, we start with the plain language of the statute itself."  *State ex rel. Kansas City Symphony v. State*, 311 S.W.3d 272, 277 (Mo. App. W.D. 2010).  "It is the general rule that in statutes the word 'may' is permissive only, and the word 'shall' is mandatory."  *Silvey v. Bechthold*, 499 S.W.3d 760, 763 (Mo. App. W.D. 2016) (quoting *Wolf v. Midwest Nephrology Consultants, P.C.*, 487 S.W.3d 78, 83 (Mo. App. W.D. 2016)). Though "use of the word 'shall' generally connotes a mandatory duty[, w]hether the use of the word 'shall' in a statute is considered mandatory or directory . . . is primarily a function of context and legislative intent."  *Kansas City Symphony*, 311 S.W.3d at 277.  "In ascertaining legislative intent, the statute should be read *in pari materia* with related sections, and the

[licensing] statutes should be construed in context with each other." *Street v. Dir. of Revenue*, 361 S.W.3d 355, 358 (Mo. banc 2012).

Reading §§ 374.730 and 374.750 together, it is clear that, though renewal must be *sought* biennially, Director has the discretion to refuse renewal if Director finds the presence of any of the factors identified in § 374.755. Among the factors identified in § 374.755 is "[v]iolation of any provision of . . . the laws of this state." § 374.755.1(6). Before a person may be licensed as a general bail bond agent, that person must, by law, "meet[] the qualifications for surety on bail bonds as provided by supreme court rule." § 374.715. Rule 33.17(f) provides that "[a] person shall not be accepted as a surety on any bail bond unless the person . . . [h]as no outstanding forfeiture or unsatisfied judgment thereon entered upon any bail bond in any court of this state." The use of the word "shall" in Rule 33.17 indicates that Director lacks any discretion to either issue or renew a general bail bond agent license if the applicant has outstanding forfeitures or unsatisfied judgments thereon, as doing so would mean that the person lacked the necessary qualifications to be a general bail bond agent; consequently, it would be a violation of a provision of a law of this state for that person to hold a general bail bond license. In other words, if an applicant for a general bail bond agent license renewal has outstanding forfeitures or judgments thereon, Director must refuse the renewal request.

Here, Robison admitted having outstanding forfeitures and judgments thereon. Accordingly, he had no right to license renewal. And his request for mandamus to compel Director to issue a renewal was quite simply a request for the court to compel Director to engage in a direct violation of Missouri law. A court "may not coerce the performance of an unlawful act." *State ex rel. Sayad v. Zych*, 642 S.W.2d 907, 911 (Mo. banc 1982).

In short, the circuit court did not abuse its discretion because Robison was not entitled to seek a writ insofar as he neither pursued administrative remedies nor established a clear and unequivocal right to license renewal.[6]

Point denied.

## Conclusion

The circuit court did not abuse its discretion in either quashing the preliminary writ or denying Robison's request for a permanent one. Its judgment is affirmed.

Karen King Mitchell, Judge

Edward R. Ardini, Jr., Presiding Judge, and
Anthony Rex Gabbert, Judge, concur.

---

[6] Because Robison did not establish a clear and unequivocal right to license renewal, his due process claim also fails. "To have a constitutionally cognizable property interest in a right or a benefit, a person must have 'a legitimate claim of entitlement to it.'" *Austell v. Sprenger*, 690 F.3d 929, 935 (8th Cir. 2012) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). "The Due Process Clause does not create any property interest; it merely protects property rights arising 'from an independent source such as state law.'" *Id.* (quoting *Bd. of Regents*, 408 U.S. at 577). "A property interest arises when state law creates 'expectations that are "justifiable."'" *Id.* (quoting *O'Bannon v. Town Ct. Nursing Ctr.*, 447 U.S. 773, 796 (1980)). Though Missouri law recognizes that "a licensed entity may have a property interest in an existing valid license, . . . Missouri law is less clear when it comes to license *renewal* proceedings." *Id.* And, as discussed, *supra*, Robison had no right to license renewal, as his outstanding forfeitures and judgments thereon disqualified him from holding a general bail bond agent license at all.

In any event, "a statutory scheme which permits an initial summary decision . . . without a hearing based on objective statutory criteria . . . does not violate due process provided a full, post-deprivation, hearing is available to challenge the [decision]." *Jarvis v. Dir. of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991). As provided in § 621.120, a full hearing before the AHC was available to Robison if he wished to challenge Director's refusal order. But he chose not to avail himself of this procedural protection. "[O]pportunity not taken when given is not opportunity denied." *State Bd. of Registration for Healing Arts v. Masters*, 512 S.W.2d 150, 166 (Mo. App. 1974).



# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. BRYAN TRAVIS ROBISON, )
)
               Appellant, )
)
v. )
)
CHLORA LINDLEY-MYERS, DIRECTOR, )
DEPARTMENT OF INSURANCE, )
FINANCIAL INSTITUTIONS AND )
PROFESSIONAL REGISTRATION, )
)
               Respondent. )

FILED

JUN 12 2018

CLERK, SUPREME COURT

No. SC96719

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### The Honorable Patricia S. Joyce, Judge

       Bryan Travis Robison appeals the circuit court's judgment quashing its preliminary

writ in mandamus and denying Robison's request for a permanent writ against the director

of the Department of Insurance, Financial Institutions, and Professional Registration.[1] This

Court affirms the circuit court's judgement because Robison failed to demonstrate he was

entitled to mandamus relief.



EXHIBIT
4

---

[1] "An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 358 (Mo. banc 2013).



## I. Factual and Procedural History

Robison has been licensed as a general bail bond agent since 2007. A month before his license was set to expire, Robison applied to renew his license with the director of the Department of Insurance, Financial Institutions, and Professional Registration. The department filed a petition requesting the director deny Robison's license renewal application, alleging Robison was disqualified for licensure because he failed to meet the surety qualifications requiring a bail bond agent to have "no outstanding forfeiture or unsatisfied judgment thereon entered upon any bail bond." Rule 33.17(f). Prior to submitting his renewal application, Robison submitted a number of affidavits identifying unsatisfied judgments levied against him.[2] As a result of the outstanding judgments, the director denied Robison's application for renewal. Included with the rejection order was a notice of Robison's legal right to file a complaint with the Administrative Hearing Commission, pursuant to § 621.120, within 30 days after the mailing of the notice.

Rather than exercising his right to file a complaint with the Commission, Robison opted to file a petition for a writ of mandamus in the Cole County circuit court. Robison's petition alleged the director issued the order denying his application for renewal without proper notice and an opportunity to be heard. The circuit court granted a preliminary writ, but after a hearing, quashed the preliminary writ. Robison appealed and, after opinion by

---

[2] Pursuant to § 374.760, general bail bond agents are required to file sworn affidavits with the department monthly, indicating whether they have any unsatisfied judgments against them. Statutory citations throughout this opinion are to RSMo 2016.

the court of appeals, this Court transferred pursuant to article V, § 10 of the Missouri Constitution.

## II. Analysis

Robison argues the circuit court erred when it quashed the preliminary writ and denied his request for a permanent writ of mandamus because § 374.750 unconstitutionally denied him due process by allowing the director to summarily refuse to renew his license without first giving him notice and an opportunity for a hearing. The director asserts Robison is not entitled to writ relief because Robison failed to exhaust his administrative remedies by not seeking review before the Commission.

### Standard of review

"An appellate court reviews the denial of a petition for writ of mandamus for an abuse of discretion." *Boresi*, 396 S.W.3d at 359. "An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes." *Id.*

### Contested or non-contested

When reviewing a governmental agency's decision, this Court considers whether the matter before the agency was a "contested" or "non-contested case" to determine the scope of judicial review. *Furlong Cos., Inc. v. City of Kan. City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "The Missouri Administrative Procedure Act [(MAPA)] provides for two types of cases: contested cases and non-contested cases." *Id.* A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4). The "law" requiring a hearing "includes any ordinance, statute, or constitutional provision that mandates a

3

hearing." *McCoy v. Caldwell Cty.*, 145 S.W.3d 427, 428 (Mo. banc 2004). A non-contested case, although not defined by MAPA, is "a decision that is not required by law to be determined after a hearing." *Furlong*, 189 S.W.3d at 165. "In either a contested or non-contested case the private litigant is entitled to challenge the governmental agency's decision." *Id.* "The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of the administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." *Id.*

"The classification of a case as 'contested' or 'noncontested' is determined as a matter of law." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. banc 2009). The director contends the case is contested because had Robison appealed to the Commission, there would have been a proceeding in which Robison's legal rights, duties, or privileges would be determined. However, the director ignores that, even if Robison had filed a complaint with the Commission, the director would have retained her discretion to refuse his license renewal pursuant to § 374.051.1, which provides:

> Any applicant refused a license or the renewal of a license by order of the director under sections 374.755, 374.787, and 375.141 may file a petition with the administrative hearing commission alleging that the director has refused the license. The administrative hearing commission shall conduct hearings and make findings of fact and conclusions of law in determining whether the applicant may be disqualified by statute. **Notwithstanding section 621.120, the director shall retain discretion in refusing a license or renewal and such discretion shall not transfer to the administrative hearing commission.**[3]

---

[3] Here, the director refused to renew Robison's license pursuant to § 374.750, which is not one of the specific sections enumerated in § 374.051.1. Nevertheless, § 374.750 provides:

(Emphasis added). As this Court has held, when a proceeding is merely advisory and does not bind the decision-maker "to any gauge or criteria," then the administrative proceeding or hearing does not make the matter a contested case, and review does not fall under §536.100. *See McCoy*, 145 S.W.3d at 428–29; *Kunzie v. City of Olivette*, 184 S.W.3d 570, 572–73 (Mo. banc 2006). Because the director retained her discretion to refuse Robison's license renewal even if Robison had pursued his administrative remedy, this is a non-contested case governed by §536.150.

### Administrative remedies must be exhausted in non-contested cases

Section 536.150.1 provides a right to judicial review when an agency decision is "not subject to administrative review." Thus, § 536.150.1 requires exhaustion of administrative remedies before seeking judicial review of non-contested cases. *See Impey v. Mo. Ethics Comm'n*, 442 S.W.3d 42, 47 n.5 (Mo. banc 2014). In *Strozewski v. Springfield*, 875 S.W.2d 905, 907 (Mo. banc 1994), however, this Court held § 536.150 "has no requirement of exhaustion of administrative remedies." As such, *Strozewski's* holding appears at odds with the plain language of § 536.150.

---

> The department may refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 **for any one or any combination of causes stated in section 374.755**. The department shall notify the applicant in writing of the reasons for the refusal and shall advise the applicant of his right to file a complaint with the administrative hearing commission as provided by chapter 621.

(Emphasis added). Therefore, when a license is not renewed pursuant to § 374.750, it is because of one or more of the causes stated in § 374.755; § 374.051 applies in this case.

"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). In determining § 536.150 did not require exhaustion of administrative remedies, *Strozewski* focused on subsection 3 of § 536.150, which provides, "Nothing in this section shall be construed…to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section." 875 S.W.2d at 907. Relying on the language in subsection 3 that the statute did not intend to limit a court's jurisdiction, *Strozewski* concluded, "exhaustion of administrative remedies is not a jurisdictional prerequisite in uncontested cases." *Id.* *Strozewski* is correct that exhaustion of administrative remedies is not a **jurisdictional** prerequisite. However, exhaustion of administrative remedies is plainly a **statutory** prerequisite pursuant to subsection 1 of § 536.150.

Subsection 1 § 536.150 provides a right to judicial review in a non-contested case when the decision challenged "is not subject to administrative review." Subsection 3, which speaks in terms of jurisdiction, does not negate or otherwise affect subsection 1. Subsection 1 speaks in terms of statutory authority and plainly contains an exhaustion of administrative remedies prerequisite with the "not subject to administrative review" language. Statutory prerequisites and jurisdictional requirements are not the same. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). *Strozewski*'s rejection of the statutory prerequisite in subsection 1 based on an unrelated jurisdictional provision in subsection 3 reflects the outdated concept of "jurisdictional competence" and, therefore, should no longer be followed. *See State ex rel. Zahnd v. Van Amburg*, 533

6

S.W.3d 227, 231 (Mo. banc 2017).   Because judicial review pursuant to § 536.150.1 is statutorily restricted to when a governmental agency decision is not "subject to administrative review," aggrieved parties must exhaust all their administrative remedies before seeking judicial review in a non-contested case.

### Robison is not required to exhaust administrative remedies

Although Robinson's non-contested case would normally require exhaustion of administrative review, the overruling of *Strozewski* requires prospective application of the exhaustion prerequisite.   "This Court has the authority to determine whether a decision changing a rule of law is to be applied retrospectively or prospectively." *State v. Walker*, 616 S.W.2d 48, 48 (Mo. banc 1981).   When a change in the rule of law is procedural, it operates prospectively only. *Id.*; *see also Moore v. Ready Mixed Concrete Co.*, 329 S.W.2d 14, 24 (Mo. banc 1959).   When the change is substantive, it operates both retrospectively and prospectively. *Id.* "The distinction between substantive law and procedural law is that substantive law relates to rights and duties which give rise to a cause of action, while procedural law is the machinery for carrying on the suit." *Shepherd v. Consumers Coop. Ass'n*, 384 S.W.2d 635, 640 (Mo. banc 1964) (internal quotations omitted).

Because the change caused by overruling *Strozewski* relates to the "method provided by law for aiding and protecting defined legal rights," the change is procedural, and applies only prospectively. *Id.* Therefore, applying this Court's procedure for seeking judicial review in a non-contested case prospectively, Robison was not required to exhaust his administrative remedies.

7

**Robison did not demonstrate a clearly established right compelling mandamus**

Although Robison was permitted to seek mandamus in the circuit court without exhausting his administrative remedies, the circuit court did not abuse its discretion because Robison failed to demonstrate a clearly established right entitling him to mandamus relief.

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong*, 189 S.W.3d at 166. To be granted relief by mandamus, a litigant "must allege and prove he has a clear, unequivocal, specific right to a thing claimed" and establish that he has a "clear and legal right to the remedy." *Id.* at 166. "Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." *Id.*

Robison alleges he had a right pursuant to §§ 374.730 and 374.750 to have his general bail bond agent license renewed. Pursuant to § 374.730, "All licenses issued to...general bail bond agents under the provisions of sections 374.700 to 374.775 **shall** be renewed biennially." (Emphasis added). However, § 374.750 provides the "department **may** refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 for any one or any combination of causes stated in section 374.755." (Emphasis added). Robison contends the permissive "may," in regard to refusal, and the mandatory "shall," in regard to renewal, means he has a clear and unequivocal right to renewal.

When looking at the context of §§ 374.730 and 374.750, and harmonizing the two statutes, it is clear, however, the mandatory "shall" in regard to renewal is directed to the

8

applicant, and the permissive "may" in regard to refusal is directed to the department.[4]  In

other words, a general bail bond agent must or shall seek license renewal every two years,

and the director may refuse to renew the license in the presence of any of the factors

outlined in § 374.755.  One such factor, § 374.755.1(6), gives the director discretion to

refuse renewal if the person applying has been in "[v]iolation of any provision of...the laws

of this state."  And this Court's rules provide, "A person shall not be accepted as a surety

on any bail bond unless the person...[h]as no outstanding forfeiture or unsatisfied judgment

thereon entered upon any bail bond in any court of this state."  Rule 33.17(f).[5]  Because

Robison has admitted to having outstanding forfeitures and judgments, the director

properly exercised her discretion by refusing the renewal request pursuant to her statutory

authority and this Court's rules.  Robison has not established a clear and unequivocal right

to license renewal.[6]

---

[4] "It is the general rule that in statutes the word 'may' is permissive only, and the word 'shall' is mandatory." *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 672 (Mo. banc 2010).  However, whether a statute using "shall" is mandatory ultimately is a "function of context and legislative intent." *Bauer v. Transitional Sch. Dist. of City of St. Louis*, 111 S.W.3d 405, 408 (Mo. banc 2003).  "In ascertaining legislative intent, the statute should be read *in pari materia* with related sections, and the [licensing] statutes should be construed in context with each other." *Street v. Dir. of Revenue*, 361 S.W.3d 355, 358 (Mo. banc 2012).
[5] This Court's rules "shall have the force and effect of law." Mo. Const. art V, § 5.
[6] Robison's due process claim similarly fails because he has not established a clear and unequivocal right to license renewal.

9

## III. Conclusion

The circuit court did not abuse its discretion in quashing the preliminary writ and denying Robison's request for a permanent writ. The circuit court's judgment is affirmed.

_____
W. Brent Powell, Judge


Draper, Russell, Breckenridge and Stith, JJ., concur;
Fischer, C.J., concurs in separate opinion filed;
Wilson, J., concurs in separate opinion filed.

10