# IN THE UNITED STATES DISTRCIT COURT
## EASTERN DISRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **BRYAN TRAVIS ROBISON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:18-CV-01527-CDP |
| ) | |
| **DEPARTMENT OF INSURANCE,** ) | |
| **FINANCIAL INSTITUTIONS AND** ) | |
| **PROFESSIONAL REGISTRATION, ET AL**., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST MOTION FOR SANCTIONS AGAINST DEFENDANT DIFP PURUSANT TO FED. R. CIV. P. 37 AND 56

COMES NOW, Plaintiff **BRYAN T. ROBISON**, by and through undersigned counsel, and in support of his Motion for Sanctions against Department of Insurance, Financial Institutions, and Professional Registration ("DIFP"), pursuant to Fed. R. Civ. P. 37(c)(1) and 56(h), moves the Court to sanction Defendant DIFP by striking its Motion for Summary Judgment and ordering it to pay to Plaintiff a reasonable sum for his attorneys fees. In support of his Motion for Sanctions, Plaintiff states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Bryan T. Robison filed the immediate action against Defendants DIFP and DIFP employees John Huff, Chlora Lindley-Myers, Carrie Couch, Mary Johnson, Kevin Davidson, and John Rehagen. On or about July 30, 2019, Plaintiff served upon Defendants a Request for Production of Documents, requesting, *inter alia*, "any and all complaints filed with your Department against Plaintiff Robison;" "a copy of the revocation letter for Mr. Robison's license that

was mailed by Defendant Davidson, on or about July 29, 2016, along with a list of all parties to whom the letter was sent;" "a list of all of Plaintiff's bond forfeitures and judgments that have been submitted to your Department;" "a list of any and all bond forfeitures for any general agent from January 1, 2015, to present;" and "any and all notes prepared by DIFP or its agents as they relate to Plaintiff and/or any conversations, whether written or oral, had with him." A copy of Plaintiff's First Request for Production is attached hereto and incorporated herein as **Exhibit 1.**

On or about September 18th, 2019, Defendants produced two (2) complete responses out of the eight (8) documents requested, with the attached Objections, incorporated herein as **Exhibit 2.** In his First Request for Production, Plaintiff requested that Defendant DIFP produce a copy of the July 29, 2016, letter that Defendant Davidson sent to an undisclosed number of individuals. In Defendants' Response to Request #2, Defendant DIFP specifically stated that "**they have no responsive documents for this request**," and further denied that Defendant Davidson sent the letter at all (**emphasis added**). Although Plaintiff had one copy of the letter that was sent to his father, Plaintiff specifically requested Defendant DIFP's copy of Defendant Davidson's letter, along with a listing of each individual to whom the letter was sent, as said information was believed to have been improperly disseminated by Defendants DIFP and Davidson prior to the expiration date of Plaintiff's general bail bond license. As a result of the Defendants' denial of the July 29, 2016, letter, Plaintiff was forced to file a Motion to Compel Production, on or around November 15, 2019, to request that this Court compel Defendant DIFP to produce a copy of Davidson's letter, along with a list of all individuals and entities to whom the letter was sent.

Instead of producing the requested documents through discovery, Defendants DIFP and Davidson instead produced in their sur-reply, on or around November 19, 2019, to Plaintiff's Response to Defendants' Motion for Summary Judgment the very document that they denied exist-

ed, in addition to an alleged list of individuals to whom the letter was sent. According to Defendant Davidson's affidavit, attached hereto and incorporated herein as **Exhibit 3**, "on July 29, 2016, I sent letters to each of the twenty-three (23) bail bond agents who indicated to the Department that Bryan Travis Robison was their general bail bond agent under whose authority they were writing bonds. Def. Reply Exhibit C. These letters explained that since the Director did not renew Robison's general bail bond agent license, these bail bond agents could no longer write under the authority of Bryan Travis Robison, because Bryan Travis Robison no longer had that authority." **Exhibit 3,** ¶4.

Defendant Davidson's Affidavit is problematic for a number of reasons. First and most notably, he admitted the very allegations propounded by Plaintiff in his Petition - that the DIFP took illegal action against his general bail bond agent license prior to its expiration on August 8, 2016. Davidson's own admission is that "since the Director did not renew Robison's general bail bond agent license, these bail bond agents **<u>could no longer write under the authority of Bryan Travis Robison</u>**" (**<u>emphasis added</u>**). **Exhibit 3,** ¶4. Because Robison still had his general bail bond agent license until August 8, 2016, and therefore it had not yet expired at the time of Davdion's letter, Davidson admitted in his Affidavit that he and the DIFP, illegally and in violation of Plaintiff's right to due process, revoked Robison's authority to act as a general bail bond agent prior to the expiration of his license on July 29, 2016, approximately ten (10) days prior to expiration date..

Defendant Davidson's Affidavit furthermore is problematic because it intentionally misleads this Court and Plaintiff, and it misrepresents what Davidson's July 29, 2016, letter actually stated. Defendant Davidson wrote in his sworn affidavit that "[t]hese letters <u>explained that since the Director did not renew Robison's general bail bond agent license</u>, these bail bond agents

could no longer write under the authority of Bryan Travis Robison" (<u>emphasis added</u>). **Exhibit 3.** This is patently false, as nowhere in Davidson's letter is the DIFP order refusing renewal even mentioned, let alone is an explanation for the revocation provided. <u>See</u> **Exhibit 4**, Davidson's July 29, 2016, Letter. In fact, Davidson makes no mention of the administrative proceedings at all nor is any basis provided for the revocation of Robison's authority to write bail bonds. **Exhibit 4.** The very fact that Davidson and DIFP now admit the existence of this letter is a direct contradiction to their discovery production to Plaintiff of September 18, 2019, but even the letter's very presentation to this Court is misleading. Furthermore, it is a misrepresentation of a material fact to this Court that Defendant Davidson provided any explanation as to the revocation of Plaintiff's general bail bond agent authority, as he swears until penalty of perjury in his affidavit. In other words, Defendant DIFP and Davidson now attempt to use evidence in their sur-reply of November 19, 2019, that they not only refused to produce in discovery, but outright denied its very existence.

Following Defendant DIFP's refusal to produce a copy of Defendant Davidson's July 29, 2016, letter, and the accompanying list of recipients, Plaintiff properly served upon Defendants a subpoena to produce Plaintiff's entire file in DIFP's possession, not only to obtain what was requested in his July 30, 2019, Request for Production of Documents, but further, to determine what other documents that DIFP possessed and potentially failed to produce pursuant to this Court's December 26, 2018, scheduling order and Plaintiff's discovery request. Because Defendants DIFP and Davidson intentionally concealed the July 29, 2016, letter from Plaintiff in discovery, Plaintiff firmly believes that Defendant DIFP is withholding further evidence that supports Plaintiff's case and therefore requested a copy of his entire file held by DIFP to investigate, as is his right to do under relevant discovery rules.

## II. ARGUMENT

**A. DIFP's Motion for Summary Judgment should be stricken for misrepresenting material facts and concealing documents from Plaintiff.**

"One of the purposes of discovery is to eliminate unfair surprise." *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). "The purpose of discovery is to provide a mechanism for making relevant information available to litigations. "Mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)." Fed. R. Civ. P. 26(f) advisory committees note (1983 Amendment). This is why the Rules require that each:

> [P]arty...who has responded to a...request for production...must supplement or correct its disclosure or response...in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or...as ordered by the court.

Fed. R. Civ. P. 26(e)(1). The Rules dictate that "[i]f a party fails to provide information...as required by Rule 26(a) or (e), the party is not allowed to use that information...to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless[.]" Fed. R. Civ. P. 37(c)(1) (emphasis added). The imposition of exclusion sanctions under Fed. R. Civ. P. 37(c)(1) should be "self-executing," and "automatic" so as to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion[.]" Fed. R. Civ. P. 37 advisory committee's note (1993).

Delays in disclosure are not "substantially justified when they reasonably could have been avoided. *Certain Underwriters at Lloyd's v. SSDD, LLC*, E.D. Mo., 2014 (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006)).

Here, DIFP failed to produce a document - even going so far as to deny its very existence - in a discovery request from Plaintiff. Instead, DIFP concealed the document from Plaintiff then improperly disclosed the requested document in its sur-reply to Plaintiff's Response to Defendants' Motion to Summary Judgment. The question, then, turns on whether that failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). A district court need not find that a party acted in bad faith, only that he acted intentionally, as opposed to accidentally or involuntarily. *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Circ. 1998). Where a party's failure is either deliberate or in bad faith, it is also irrelevant whether prejudice to the opposing party is curable. *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014). Here, DIFP's failure to produce was neither substantially justified nor harmless, and rather, was a deliberate and intentional to conceal an important document to the immediate case.

DIFP's failure to produce the document pursuant to Plaintiff's discovery request and Rule 26 disclosures was not harmless. The document was presented and acknowledged, for the first time, in Defendant DIFP's sur-reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. No explanation was provided with regards to why Defendants concealed or withheld this document during discovery, and curiously, Defendant Davidson's own admission in the letter proves the merits of Plaintiff's case -- that before his general bail bond agent license was set to expire on August 8, 2016, Defendants DIFP and Davidson revoked his authority to write bail bonds without due process or going through the proper procedures. Defendant Davidson admitted to this revocation of Plaintiff's powers in his affidavit, filed with this Court on November 19, 2019, that negative action was taken against Plaintiff prior to the expiration of Plaintiff's license, and, in his own words, Defendant Davidson admitted to notifying some of Plaintiff's agents that Plaintiff's authority to write bail bonds was revoked prior to the expiration date - exactly what Plaintiff sets forth that violated his right to due process.

To be clear, DIFP has the burden to show that the failure to produce the document was

substantially justified or harmless and DIFP cannot credibly make the claim that said failure was justified or harmless, especially given the context under which Davidson's letter was produced. Accordingly, under Rule 37(c)(1), DIFP should be sanctioned by having its Motion for Summary Judgment denied or stricken, being ordered to pay Plaintiff's reasonable attorney's fees, and, in the event of a jury trial, instructing the jury of Defendants' intentional concealment and deliberate refusal to produce the requested discovery.

**B. Defendant DIFP should reimburse Plaintiff's costs and fees associated with preparing and arguing this Motion.**

Rule 37(c)(1)(A-C) states that, "[i]f a party fails to provide information...as required by Rule 26(a) or (e), the party is not allowed to use that information...to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which includes striking pleadings in whole or in party or rendering a default judgment against the disobedient party. Similarly, under Rule 37(c)(1)(A), the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to properly supplement a document production before the close of discovery.

Here, Plaintiff's counsel, on several occasions, requested the missing letter drafted and sent by Defendant Davidson, along with a list of everyone to whom the letter was sent, in Plaintiff's July 30, 2019, Request for Production of Documents. Defendant DIFP's response to said request was that the document did not exist, despite Plaintiff's production of one copy of Davidson's letter. After some back and forth between Plaintiff's and Defendants' counsel, the parties

were unable to reach an agreement related to the requested disclosure which resulted in Plaintiff filing his Motion to Compel, on or around November 15, 2019. Even after Plaintiff's Motion to Compel was filed, Defendants still refused to produce the letter pursuant to Plaintiff's July 30, 2019, discovery request. Instead, Defendants produced the letter in their sur-reply of November 19, 2019, to Plaintiff's Response to Defendants' Motion for Summary Judgment, demonstrating an intentional concealment of documents and a deliberate refusal to cooperate with this Court's scheduling order of December 26, 2018, and Plaintiff's discovery requests.

Plaintiff's counsel has expended 9.1 hours in researching and preparing this Motion, as well as the Motion to Compel, filed with this Court on or around November 15, 2019. (Merta Decl. ¶ 7). In addition, Plainitff's counsel expects to expend an additional two (2) hours to prepare for arguments and/or preparing a reply brief. (Merta Decl. ¶ 8). Plaintiff's counsel's reasonable hourly rate is $200.00 per hour, which makes the attorneys' fees associated with the filing of this Motion and Plaintiff's Motion to Compel $2,220.00. (Merta Decl. ¶ 6). This figure does not include paralegal time. Plaintiff respectfully requests that the Court award this amount, pursuant to Rules 37(c)(1)(A-C).

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Sanctions against Defendant DIFP, by striking Defendants' Motion for Summary Judgment filed on or around October 9, 2019; instructing the jury of Defendants' intentional and deliberate failure to produce the July 29, 2016, letter sent by Defendant Davidson; awarding Plaintiff $2,220.00 in attorney's fees and costs;  and for any such further relief as this Court deems just and proper under the circumstances.

        Respectfully submitted,

        /s/ Chelsea K. Merta
        Chelsea K. Merta (66876MO)
        2631 Gravois Avenue, Suite 314
        St. Louis, Missouri 63118
        Office: (314) 896 - 3782
        Email: chelsea@lotuslawllc.com
        **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the U.S. District Court's ECF System this 25th day of November, 2019, upon the following attorneys of record:

**Richard Groeneman**
Missouri Attorney General's Office
815 Olive Street, Suite 200
St. Louis, Missouri 63101
Richard.Groeneman@ago.mo.gov

Attorney for Defendants

        /s/ Chelsea K. Merta
        **Attorney for Plaintiff**