UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN TRAVIS ROBISON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:18-cv-1527-MTS ) |
| DEPARTMENT OF INSURANCE, FINANCIAL INSTITUTION AND PROFESSIONAL REGISTRATION, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendants Department of Insurance, Financial Institutions and Professional Registration ("DIFP"), John Huff ("Huff"), Carrie Couch, Mary Johnson, Kevin Davidson, and Karen Crutchfield (collectively, "Defendants") Motion to Dismiss, Doc. [131], Count I, 42 U.S.C § 1983, of Plaintiff's Amended Complaint ("Complaint"), Doc. [129], against Defendant Huff for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and qualified immunity. For the reasons discussed below, Defendants' Motion is denied.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged" in the complaint. *Id*. When considering a Rule 12(b)(6) motion,

the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  The Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts."  *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

This case is based on allegations that a DIFP letter signed by Defendant Davidson on July 29, 2016, revoked Plaintiff Bryan T. Robison's general bail bond license such that Plaintiff was entitled to notice and an opportunity to be heard prior to issuance of the letter.

In a claim brought under 42 U.S.C. § 1983, qualified immunity protects a government official from liability unless his conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Smith v. City of Minneapolis*, 754 F.3d 541, 544 (8th Cir. 2014).  Resolving a claim of qualified immunity requires a two-part inquiry.  *Smith*, 754 F.3d at 545.  The two prongs are: (1) whether the facts shown by the plaintiff make out a constitutional or statutory right and (2) whether the right was clearly established at the time of the defendant's alleged misconduct.  *Id.*

Defendants argue that the first prong is not met here because "Plaintiff has offered no facts showing that [] Huff violated any constitutional or statutory right."  Doc. [131-1] at 5.  The Court disagrees.  Plaintiff alleges Defendants revoked his general bail bond license without due process.[1] Plaintiff sufficiently alleged a violation of his constitutional rights because due process required notice and an opportunity to be heard before *revocation* of his license.[2]  *Garozzo v. Missouri Dep't*

---

[1] Whether the July 29, 2016 letter did in fact revoke Plaintiff's license is a question of fact inappropriate at this stage in the litigation.

[2] Defendants argue that Plaintiff failed to show he had a constitutionally-protected property interest in the *renewal* of a professional license.  However, the issue of *renewal* was previously dismissed, Doc. [52], as acknowledged in Plaintiff's Amended Complaint. Doc. [129] at 20.  If, however, Plaintiff is now attempting to assert liability for failure to *renew* (as opposed to revocation), that claim is barred by qualified immunity, namely, because a licensee does not

*of Ins., Fin. Insts. & Prof'l Registration, Div. of Fin.*, 389 S.W.3d 660, 667 (Mo. banc 2013); *Missouri Real Estate Comm'n v. Rayford*, 307 S.W.3d 686, 692 (Mo. Ct. App. 2010); *Kloch v. Kohl*, 545 F.3d 603, 607 (8th Cir. 2008) (explaining that where a state has established a licensing system for regulation of professionals, a license may not be revoked without affording the accused procedural due process); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Plaintiff also sufficiently pleaded that Huff *directly* participated in the July 29, 2016 alleged "revocation letter" and engaged in other specific actions that allegedly contributed to the Defendants' collective revocation of Plaintiff's license. *See* Doc. [129] ¶ 84. Thus, Huff is not entitled to qualified immunity and Plaintiff alleged sufficient facts that Huff "plausibly" participated in the alleged revocation. *Iqbal*, 556 U.S. at 678.

Defendants next argue that Huff is entitled to qualified immunity based on his supervisory role, meaning, Huff is shielded from liability based on any *indirect* role he allegedly had in the revocation in his position as "Acting Director of DIFP."[3] Doc. [131-1] at 6. However, as discussed *supra*, Plaintiff pleads that Huff was *directly* involved in the alleged unconstitutional conduct, Doc. [129], and alleges facts appearing to show Huff directly played an "integral part of the Defendants' collective scheme to prematurely deprive Robison of his general bail bond agent

---

have a constitutionally protected property interest in license *renewal* where the licensor retains substantial discretion in refusing renewal, as Defendants did here. *See Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718–19 (8th Cir. 1995); *see Austell v. Sprenger*, 690 F.3d 929, 935–36 (8th Cir. 2012); *Cf. Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000).

[3] Courts utilize a different test to determine qualified immunity for supervisory liability. When a supervising official who had *no direct participation* in an alleged constitutional violation is sued for failure to train or supervise the offending actor, the supervisor is entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). This is a "rigorous standard" that requires more than "[a]llegations of generalized notice . . ." *Id.*

license." Doc. [136] at 8.  Indeed, Plaintiff does not plead Huff's liability stems from his "indirect role"[4] in the alleged revocation, thus, Defendants' argument is without merit.[5]

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [131], is **DENIED**.

Dated this 16th day of December, 2021.

                                                                         MATTHEW T. SCHELP
                                                                         UNITED STATES DISTRICT JUDGE

---

[4] For example, Plaintiff does not make any allegations or plead any facts that Defendant Davidson—the actor who wrote and signed the July 29, 2016 "revocation" letter—exhibited a *pattern* of conduct that allegedly violated Plaintiff's constitutional rights or that Huff had notice of a pattern of such conduct.

[5] As discussed, Plaintiff does not allege Huff is *indirectly* liable, barring an amendment to the Compliant, thus, any such evidence of indirect liability (*ie*: Defendant Davidson's pattern of conduct or Huff's notice of such conduct) will not be relevant or admissible in trial.